Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| SOMED LLC | | *CERTIORARI* procedente del Tribunal de Primera Instancia Fajardo |
|---|---|---|
| **Peticionaria** | KLCE202400173 | |
| V. | | Caso Núm: RG2023CV00165 |
| HIRAM GUADALUPE PÉREZ | | Sobre: Desahucio en Precario |
| **Recurrido** | | |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Santiago Calderón.[1]

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de febrero de 2024.

El 9 de febrero de 2024, Somed LLC (Somed o peticionaria) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Resolución* que se dictó el 9 de enero de 2024 y se notificó el 10 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). Mediante al aludido dictamen, el TPI declaró No Ha Lugar a la solicitud de desacato y honorarios por temeridad.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

I.

El 24 de marzo de 2023, Somed presentó una *Demanda* sobre desahucio sumario en contra del señor Guadalupe.[2] En esta, solicitó el desalojo de este último de una propiedad ubicada en el municipio de Río Grande de la cual alegó que le pertenecía en pleno dominio. Sostuvo que el recurrido pernoctaba en dicha residencia sin su consentimiento o un contrato de arrendamiento.

---

[1] Se designó a la Jueza Santiago Calderón en sustitución de la Jueza Martínez Cordero conforme a la OATA-2024-023.
[2] Véase, págs. 1-5 del apéndice del recurso.

Luego de varios trámites procesales que no son pertinentes discutir, el 15 de noviembre de 2023, el TPI dictó una *Sentencia* la cual notificó el 17 de noviembre de 2023.[3] En esta, tomando en consideración las determinaciones de hechos que realizó, la prueba documental y testifical debidamente juramentada que presentaron las partes y conforme al derecho aplicable, declaró Ha Lugar la solicitud de desahucio que presentó Somed. Además, le indicó a la parte peticionaria que podría solicitar el lanzamiento cuando transcurriera el término dispuesto en ley para ello. Finalmente, le impuso una fianza en apelación por diez mil ($10,000.00) dólares a la parte recurrida.

Así las cosas, el 19 de diciembre de 2023, la parte peticionaria presentó una *Moción Solicitando Lanzamiento*.[4] Indicó que habían transcurrido veinte (20) días desde que la referida *Sentencia* había advenido final y firme y el señor Guadalupe todavía no había desalojado la propiedad. Por otro lado, informó que tres (3) días después de que se dictó *Sentencia* en contra del recurrido, este último suscribió un contrato de arrendamiento con un tercero con el propósito de evadir la *Sentencia* en su contra. Por las razones antes expuestas, solicitó el lanzamiento del recurrido y/o cualquier otra persona que estuviese poseyendo la propiedad.

En respuesta, el señor Guadalupe presentó una *Moción en Torno Solicitud de Lanzamiento*.[5] En primer lugar, alegó que había desalojado la propiedad objeto de controversia y, en consecuencia, cualquier solicitud de lanzamiento era inoficiosa y académica. En cuanto al contrato de arrendamiento al que se refirió la parte peticionaria, planteó que dicho contrato fue suscrito por la propia parte peticionaria a través de su vicepresidente y en virtud y bajo los términos de una *Resolución Corporativa* que se emitió el 13 de agosto de 2020 que ya se había presentado en evidencia ante el TPI. Afirmó que dicha *Resolución* les otorgaba autoridad a sus oficiales para tomar ese tipo de acciones.

---

[3] Íd., págs. 341-347.
[4] Íd., págs. 371-373.
[5] Íd., págs. 377-379.

Así pues, argumentó que la parte peticionaria no podía pretender solicitar el desahucio de una tercera persona que no formaba parte del presente pleito y que ostentaba la posesión pacífica y legal de la propiedad, en virtud de un contrato de arrendamiento que la propia entidad otorgó.

Evaluadas las posturas de ambas partes, el 19 de diciembre de 2023, el TPI dictó una *Resolución* que se notificó el 21 de diciembre de 2023.[6] Mediate dicho dictamen, resolvió que no procedía la solicitud de lanzamiento toda vez que la parte recurrida había informado que ya no ocupaba la propiedad. Además, puntualizó que, en cuanto a los otros asuntos planteados, no tenía nada que disponer ya que había emitido *Sentencia* en contra del recurrido y, por lo tanto, no quedaba ninguno otro asunto pendiente por atender.

Posteriormente, el 28 de diciembre de 2023, Somed presentó una *Solicitud Urgente de Vista de Desacato y Remedios Adicionales*.[7] Insistió que el recurrido con la deliberada intención de desobedecer la *Sentencia* que se dictó en su contra, ilícitamente y sin autoridad para ello, suscribió un contrato de arrendamiento cediéndole la posesión del inmueble objeto de esta controversia a un tercero. Sin embargo, de igual forma, afirmó que el señor Guadalupe continuaba ocupando la propiedad por lo que el contrato era más bien un "ardid". Por estas razones, le solicitó al TPI a que declarara incurso en desacato al recurrido por no cumplir con la *Sentencia* del 17 de noviembre de 2023, que señalara una vista con carácter de urgencia para atender este asunto y que le impusiera honorarios por temeridad al recurrido.

Por su parte, el 29 de diciembre de 2023, el recurrido presentó una *Oposición a Solicitudes de Vista de Desacato* [...].[8] Adujo que no procedía la solicitud de desacato ya que había desalojado la propiedad y, por lo tanto, no había desobedecido ninguna orden del Tribunal. Además, argumentó que la solicitud de la peticionaria únicamente

---

[6] Íd., pág. 381.
[7] Íd., págs. 382-396.
[8] Íd., págs. 418-422.

descansaba en su desacuerdo con la acción que tomó Somed por conducto de su vicepresidente, a saber, el recurrido, mediante la *Resolución Corporativa* que presuntamente le brindaba la autorización para arrendarle la propiedad a un tercero. Esbozó que ello nada tenía que ver con la controversia de desahucio del presente caso ya que la posesión de la propiedad como cuestión de derecho no estaba en sus manos. Por último, sostuvo que, por los fundamentos antes expuestos, tampoco procedía conceder honorarios de abogado por temeridad.

Considerando los planteamientos de ambas partes, el 9 de enero de 2024, el TPI emitió una *Resolución* que fue notificada el 10 de enero de 2024 en la cual declaró No Ha Lugar la solicitud de desacato y honorarios por temeridad.[9] Cabe precisar que, el 22 de enero de 2024, la parte peticionaria compareció ante este panel mediante una *Petición de Certiorari* en el caso núm. KLCE202400086 impugnando el dictamen que el TPI dictó el 19 de diciembre de 2023 declarando No Ha Lugar su solicitud de lanzamiento. Atendido el recurso, el 8 de febrero de 2024, emitimos una *Resolución* denegando el recurso de *certiorari*.

Posteriormente, inconforme con el dictamen que el TPI dictó el 9 de enero de 2024, la parte peticionaria presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el TPI y actuó irrazonablemente al dictar la Resolución de 9 de enero de 2024, notificada el 10 e enero de 2024, y prohibir una vista de desacato cuando la orden de lanzamiento estaba expresamente dispuesta en la Sentencia y la parte recurrida todavía hoy en día desacata esta orden, ya que se encuentra en posesión de la propiedad.**

Atendido el recurso, el 13 de febrero de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 20 de febrero de 2024 para presentar su oposición al recurso. Oportunamente, la parte recurrida presentó un *Memorando en Oposición* [...] y negó que el TPI cometiera el error que Somed le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración. *Veamos.*

---

[9] Íd., pág.425.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados

en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*. Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan.

Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones